JOE SELBY v. THE STATE.

No. 12190. Delivered January 16, 1929.
Rehearing denied February 27, 1929.

The opinion states the case.

*Heilbron & Kilday* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

MORROW, Presiding Judge.—Assault with intent to rape is the offense; punishment fixed at confinement in the penitentiary for a period of not less than two nor more than ninety-nine years.

The State's evidence is in substance as follows: Eleanor Mackrell, a white woman, was assaulted at nighttime by the appellant, a negro. After she had been struck and wounded and forced to the ground with the appellant over her, he was frightened away by the approach of persons in an automobile. He was apprehended within a short time and identified by the prosecutrix. Circumstances were proved by other witnesses supporting her testimony touching the subject of identity and the assault. The transaction, as well as the circumstances proved, fully established the intent of the appellant.

The record is bare of any complaint of the rulings of the trial court during the trial. No defective theory save that arising from the presumption of innocence and of reasonable doubt is disclosed by the record.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, Judge.—Through his attorney appellant has filed a forceful motion urging that the evidence in the present case is lacking to show intent on the part of appellant to commit the specific crime of rape. It is very frankly recognized in the motion that fact cases are of little aid in determining the question as slightly varying circumstances will lead to different conclusions. It may be admitted that this is one of the border line cases which give the courts concern.

Prosecutrix was a young white woman who was working in the telephone office. Her working hours terminated at eight o'clock at night. She lived with her cousin nine blocks distant from the telephone office. In going home prosecutrix habitually walked along Esplande and Pine Streets, passing the house of appellant, who was a negro. He had an opportunity of knowing her habits and hour of returning home. On the night of the attack while on her way home she met appellant on the street in a sparsely settled part of the town near the mouth of an alley but not far from a residence and filling station. As prosecutrix attempted to pass him appellant threw his left arm around her neck and drew her towards him; she screamed and he grabbed her around the neck with his right hand; prosecutrix attempted to catch him in the eye and her thumb went in his mouth; when he released his hold on her throat to get her thumb out of his mouth prosecutrix screamed again; appellant then threw prosecutrix to the ground and choked her and beat her in the head; prosecutrix was fighting appellant and screaming. During the struggle on the ground an automobile approached throwing the lights in appellant's face whereupon he fled. Appellant said nothing during the attack which would throw light on his purpose. He made no effort to raise prosecutrix's clothing, if indeed he had opportunity to do so from the determined fight prosecutrix was waging. Prosecutrix was carrying a dress box in one hand with her purse in the other. In the struggle she dropped the purse on the ground and the box was mashed flat. Appellant made no effort to secure either of these articles though he seemed to have had opportunity to do so and made no search of prosecutrix's person for valuables. No evidence suggests a motive that would have prompted appellant to make the assault solely for the purpose of inflicting injury. Attacks such as here described are usually induced by a desire either to perpetrate robbery or to gratify lust. The evidence seems to exclude the idea of robbery; then what was appellant's intent? Under the facts we feel unauthorized to hold that the jury was without warrant in finding that appellant's intent was to ravish prosecutrix.

The nearest case in point of similarity to which we are cited by appellant is Jones v. State, 18 Tex. Cr. R. 485. It differs from the present case in one material fact. When the woman there attacked screamed Jones desisted and fled in the absence of any threatened interference from third parties. We have examined all the other cases to which we have been referred by appellant. They all hold as a matter of law that the specific intent to rape must be present,

but the variant facts disclosed from the opinions are not thought to impel a holding that such intent was absent in the present case. In Washington v. State, 51 Tex. Cr. R. 542, 103 S. W. 879, a conviction was sustained under a state of facts almost exactly like those found in the present record, about the only difference being that here the approach of an automobile interfered with appellant's further designs and in Washington's case persons ran up in response to the screams of the woman being assaulted.

In our opinion the motion for rehearing should be overruled and it is so ordered.

*Overruled.*